United States Court of Appeals
 for the district of columbia circuit
 
 
 
No. 00-7157 September Term, 2001
 Filed On: January 11, 2002 [650226] 
McKesson HBOC, Inc., et al.,
 Appellees/Cross-Appellants

v.

Islamic Republic of Iran,
 Appellant/Cross-Appellee
 

Consolidated with 00-7263

 
 Appeals from the United States District Court
 for the District of Columbia
 (No. 82cv00220)
 
 
 
 
 Before: Edwards, Rogers and Tatel, Circuit Judges.

 
 O R D E R

 Upon consideration of the appellants' petition for rehearing, filed December 31, 2001, it
is 

 ORDERED that the opinion in McKesson HBOC, Inc. v. Islamic Republic of Iran, 271
F.3d 1101 (D.C. Cir. 2001), be amended as follows:

 (1) The paragraph beginning "Iran argues that even if some elements of its
 expropriation . . . ." be deleted in its entirety.

 (2) The following paragraph be inserted in its place:

 "Iran argues that even if some elements of its expropriation
 had direct effects in the United States, federal courts may not
 exercise jurisdiction over one particular aspect of that claim: Pak
 Dairy's withholding of McKesson's dividends. In support of this
 proposition, Iran argues first that in Kingdom of Saudi Arabia v.
 Nelson, 507 U.S. 349 (1993), the Supreme Court established an
 exclusionary principle under which no fact that could not have
 independently served as grounds for jurisdiction may serve as a
 basis for a foreign state's liability, and second, that the "direct
 effects" exception to claims based on commercial transactions does
 not apply where, as here, the place of payment lies outside the
 United States. In our view, the first argument has no merit, thus
 rendering the second irrelevant. Nelson held that commercial-
 activity jurisdiction cannot exist unless the commercial activity that
 forms the basis for jurisdiction also serves as the predicate for the
 plaintiff's substantive cause of action. See 507 U.S. at 357-58. 
 Here, McKesson's extensive showing of direct effects flowing from
 the commercial activity on which its cause of action rests
 establishes the nexus found lacking in Nelson. Regardless of
 whether denial of dividends alone would give rise to federal court
 jurisdiction under the FSIA's commercial-activity exception,
 because the net effect of Pak Dairy's cut-off of commercial ties
 included not just nonpayment, but also the cessation of "the flow of
 capital, management personnel, engineering data, machinery,
 equipment, materials, and packaging," McKesson I, 905 F.2d at
 451, the district court rightly considered the dividends issue in both
 in determining that Iran had expropriated McKesson's equity
 interest and in awarding damages for that expropriation."
 
 
 Per Curiam
 FOR THE COURT:
Mark J. Langer, Clerk

BY:

Deputy Clerk